# Van Leer *v.* Van Leer.

*Wills—Trusts and trustees—Spendthrift trust—Provisions against son's wife.*

Where a testator by a codicil revokes an absolute devise previously given to his son in his will, and in apt words creates for the son a spendthrift trust pure and simple, the fact that the codicil also contains an express prohibition against liability for the "support, contracts, debts or engagements," of the son's present wife, naming her, and directs that such wife shall derive no benefit from the income or principal of the trust estate, the court has no power after the death of the testator and after the son has secured a divorce from his wife, to declare the trust ended, and direct a payment and transfer of the trust estate to the son free and discharged from the trust.

In construing a will, the object of the courts is to ascertain, not the intention simply, but the expressed intention of the testator, i. e., the intention which the will itself, either expressly or by implication, declares: or (which is the same thing) the meaning of the words—the meaning, that is, which the words of the will, properly interpreted, convey.

When the meaning of a will is clear from language that is unmistakable, the instrument interprets itself.

Argued March 24, 1908. Appeal, No. 65, Jan. T., 1908, by John P. Van Leer, from decree of C. P. No. 4, Phila. Co., June T., 1904, No. 3,388, dismissing exceptions to master's report in case of Edward Shippen Van Leer v. George R. Van Leer, Bella Van Leer, Joseph W. Van Leer, Jr., May Van Leer, John P. Van Leer (appellant), and Elizabeth N. Van Leer, his Wife, Helen Van Leer, Arabella Van Leer and George R. Van Leer, Surviving Executor and Trustee under the Will of Joseph W. Van Leer, deceased. Before Mitchell, C. J., Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Bill in equity for partition.

From the record it appeared that the bill was filed by one of the seven children of the testator, praying for the partition of the real estate of the testator. The averment of the bill, so far as material to the present controversy, was that each of six of the testator's children, including the complainant, was entitled to an undivided one-seventh share of two-thirds of

the testator's real estate, in fee; and that a like share of a remaining child of the testator, John P. Van Leer, the appellant, was vested in George R. Van Leer, surviving executor and trustee under the will of the testator and codicil thereto, in trust for the said John P. Van Leer, during his life.

No answer was filed to the bill, and a decree pro confesso was entered, directing partition to be made, and referring the proceedings, " by agreement of the parties," to a master.

Subsequently, under order of the court, the master exposed the real estate to public sale, and realized therefrom the net sum of $38,980, one-third of which he awarded in trust for testator's widow during her life, and the remaining two-thirds he divided into seven parts, six of which he distributed among six of the testator's children, reserving for further consideration and report, upon request of all the parties in interest, the contention of testator's seventh child, John P. Van Leer, that the trust created as to him by the testator's codicil to his will was a special trust intended solely to bar his then wife, Maud D. Van Leer, from any participation in his share, and that he, being now divorced from Maud D. Van Leer, was entitled to receive his distributive one-seventh share or $3,712.38, free and discharged of the trust.

All the codistributees filed with the master a written declaration that they were satisfied that the testator's purpose in creating the trust as to John P. Van Leer had been accomplished by the divorce of the latter and his former wife, Maud D. Van Leer, and setting forth their reasons in the nature of a case stated. George R. Van Leer signed this instrument individually, but " not as executor or trustee."

The master awarded the distributive share of John P. Van Leer to George R. Van Leer, surviving executor and trustee under the will and codicil of the testator, and dismissed exceptions filed to his report by John P. Van Leer.

On appeal, the lower court, without opinion filed, dismissed the exceptions and confirmed the master's report.

*Error assigned* was the decree of the court.

*Howard Benton Lewis*, for appellant.—The purpose of the testator, in placing in trust by codicil the fee previously given

the appellant by will, was to exclude the woman whom appellant had married, and from whom he had separated, from the exercise of any marital rights against his estate : Stambaugh's Est., 135 Pa. 585 ; Postlethwaite's App., 68 Pa. 477 ; Tyson's Est., 191 Pa. 218 ; Hoge v. Hoge, 1 S. & R. 144 ; Decker v. Directors of the Poor, 120 Pa. 272 ; Board of Charities, etc., v. Lockard, 198 Pa. 572 ; Thackara v. Mintzer, 100 Pa. 151 ; Lewellyn v. Levy, 163 Pa. 647.

The divorce of the appellant from his former wife accomplished the purpose of the codicil ; the trust therein created is executed, and, the legal and equitable title coalescing in the appellant, he is entitled to the full control of what, before the trust was created, was absolutely his : Koenig's App., 57 Pa. 352 ; Lee's Est., 207 Pa. 218 ; Bush's App., 33 Pa. 85 ; Steacy v. Rice, 27 Pa. 75 ; Smith v. Starr, 3 Whart. 62 ; Ogden's App., 70 Pa. 501.

No paper-book or argument for appellee.

Opinion by Mr. Justice Mestrezat, May 4, 1908 :

This is an appeal by John P. Van Leer from the decree of the court of common pleas No. 4, of Philadelphia county, in refusing to award him in fee the undivided one-seventh of two-thirds of the real estate of his deceased father. It would certainly give us pleasure to grant the desire of the appellant's mother and brothers and sisters and decree the property in question to the appellant free and discharged of the trust. Our decree, however, cannot be based upon our pleasure but upon the interpretation of the will of the testator. We are clear that the learned master interpreted correctly the codicil to the testator's will, and we agree with his conclusion " that the trust is not a special trust but an active spendthrift trust, and that the legal fee is not in John."

There can be no doubt that the testator by his will intended to give his son John the undivided one-seventh of the two-thirds of his real estate in fee. His will, executed March 28, 1894, so declared. But it is equally clear that for reasons satisfactory to himself he had changed his mind and his intention when he executed the codicil to his will on May 22, 1896. That codicil does not affect the interests of any of the other

six children who had been given, by the will, an equal interest in the testator's estate. The codicil dealt exclusively with John P. Van Leer's interest or share, and it plainly and explicitly disposed of that share. It is contended by John that in executing the codicil the sole purpose of the testator was to prevent the woman whom John had married, and from whom he had separated, deriving any benefit or advantage from the income or principal of the estate ; that the object was to create a special trust for that purpose, and that the divorce of the appellant from his wife executed the trust and accomplished the object of the testator. The learned master, however, as we have seen, did not agree with that construction of the codicil, but held that the testator intended to and did create an active spendthrift trust of the estate which had been given to John in fee by the will.

The sole basis of the appellant's contention is the supposed intention of the testator obtained dehors the will. The mother and brothers and sisters of John, remainder-men under the codicil, declare in the paper of June 29, 1907, that the only purpose the testator had in executing the codicil was to exclude John's wife from participating in any part of the testator's estate and that the trust created by the codicil for John was fully executed and terminated by the divorce of John from his wife. This contention is in direct opposition to the language of the codicil. It revokes the devise to John in the will, and devises to the testator's executors the same interest given John in the will, but in trust to receive the income and pay it to John for his own use and without anticipation, "and so that the same shall never at any time or in any manner be liable for his debts, contracts or engagements, or subject to any distress, execution, or levy therefor, or to any process, whatever, on the part of any creditor or creditors of my said son, and expressly so that it shall not be liable for the support, contracts, debts or engagements of his present wife, Maud D. Van Leer." The codicil, after making this provision and authorizing John by will to appoint the principal of his share at his pleasure, makes an alternative disposition of the estate on failure of John to appoint. At the conclusion, the codicil also declares that John's wife should in no event or in any circumstances derive any benefit from the income or principal of the trust

created for John. It is clear, and no authorities need be cited to sustain the proposition, that had the parts of the codicil referring specifically to John's wife been omitted, there would have been created an active spendthrift trust. This court has declared time and again that such is the effect of substantially the same language as that used in this codicil. The instrument itself declares the intention of the testator to annul and revoke the devise in fee made to John in the will. The intention to revoke is manifest and is expressed in apt terms. In language equally certain and unequivocal, a trust is created and the purpose is definitely and unequivocally declared in language not to be misunderstood. The income from the principal was to be paid into John's own hands. He had no right of anticipation; neither could it be subjected to his debts, contracts or engagements; nor was it liable to distress, execution or levy by any creditor. Standing alone this language is so clear and comprehensive that there can be no basis whatever for any doubt as to the testator's intention. That intention is made clearer by the devises over of the principal of the estate. They show that the principal was not to vest absolutely in John. It is true that he is given the power of appointment. He may dispose of it by will, but that discloses no intention to vest in him the fee and permit him to dispose of it for his own use during his life. The power, therefore, does not change the otherwise clearly expressed intention of the testator to create an active spendthrift trust.

It is contended, however, that the intention to create a special trust to protect the estate against John's wife is disclosed by the express prohibition in the codicil against liability "for the support, contracts, debts or engagements of his present wife, Maud D. Van Leer," and the provision that the wife shall derive no benefit from the income or principal of the trust estate. But these provisions of the codicil do not modify, limit or in any way change the spendthrift trust previously declared in the codicil. Eliminating the special reference to John's wife in the codicil, the intention of the testator, expressed in apt language, is that the trustees shall hold the principal of the estate for the persons named in the codicil, and that the income shall be devoted exclusively for John's personal use, protected from any claim of his creditors and

against any writ or process on any judgment or debt against him. Unquestionably the testator's intention was to defeat any claim that John's wife might have or obtain against the trust estate, but his intention is equally clear and expressed in language of no doubtful signification that he intended to extend a protection to the estate against any and all other claims and debts which John might incur or become liable for. This intention is as apparent and clearly expressed as the intention to defeat the wife's claims against the trust estate. If the testator intended simply to protect the trust estate against John's wife, he has failed to do so in language that can be so construed by any known rules of interpretation. He has declared a spendthrift trust pure and simple, and the special reference to John's wife has neither added to nor detracted from it.

In Hawkins on Wills (2d Am. ed.), p. 1, it is said: "In construing a will, the object of the courts is to ascertain, not the intention simply, but the expressed intentions of the testator, i. e., the intention which the will itself, either expressly or by implication, declares: or (which is the same thing) the meaning of the words—the meaning, that is, which the words of the will, properly interpreted, convey." In Wœlpper's Appeal, 126 Pa. 562, we said (p. 572): "It is often said . . . . that 'the question in expounding a will is not what the testator meant, but what is the meaning of his words.' But by this it was never intended to say that the testator's meaning when apparent can be disregarded, but, that it cannot be got at aliunde, by what he might have meant, or even what under the circumstances perhaps he would have meant, but only by what he said. The search is confined to his language, but its object is still his meaning." And in Huber's Appeal, 80 Pa. 348, this court said (p. 358): "When the meaning is clear from language that is unmistakable, the instrument interprets itself."

In construing the codicil and will of Joseph W. Van Leer, we cannot go outside of its terms or apply any artificial canons of construction. The language is clear and unmistakable and discloses the testator's intention. It is not open to doubt, it creates no necessity for going outside of the instrument itself to ascertain the testator's intention. It may be that his chief

and possibly his only purpose in revoking the devise to his son John and in creating the trust was to prevent John's wife from participating in his estate, but if so it does not appear from the codicil itself, which manifests a clear and unmistakable intention to create an active spendthrift trust and thereby protect John and his interests from assault from any and all quarters.

We concur in the conclusion reached by the learned master and approved by the court below, and, therefore, the decree is affirmed.